IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRIXENIA MAGPAYO, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:16-cv-01176 |
| v. ) ) | Judge Blakey |
| ADVOCATE HEALTH AND HOSPITALS CORPORATION, ) ) ) ) | |
| Defendant. ) ) | |

**THIRD AMENDED COMPLAINT**

Plaintiff Crixenia Magpayo ("Plaintiff"), on behalf of herself and all others similarly situated, known and unknown, through her attorneys, for her Third Amended Complaint against Advocate Health and Hospitals Corporation ("Advocate" or "Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), for Defendant's failure to pay Plaintiff and other similarly situated persons all earned overtime wages and the failure to compensate Plaintiff and other similarly situated persons for all time worked.

2. Plaintiff worked as a registered nurse in the emergency room department at Advocate Trinity Hospital.

3. Defendant offered to pay Plaintiff a specified hourly rate of pay for all hours she worked for Defendant, and Plaintiff accepted the offer of employment.

1

4. Plaintiff performed work for Defendant that she was not compensated for performing.

5. Defendant scheduled Plaintiff to work twelve and one-half hour (12½) shifts. For each shift Plaintiff worked, Defendant deducted thirty (30) minutes from Plaintiff's hours worked to account for an unpaid meal period. Defendant deducted thirty (30) minutes from Plaintiff's hours worked even though the staffing levels and patient acuity in the emergency room required Plaintiff to regularly work though her meal periods.

6. Defendant also failed to pay Plaintiff for all time she worked following the conclusion of her shift.

7. Defendant failed to compensate other similarly situated persons who worked as registered nurses in the emergency room department of Advocate Trinity Hospital for all time they worked. For example, Defendant failed to pay similarly situated persons for the time they worked through their unpaid meal breaks and for the time they worked following the conclusion of their work shifts.

8. The amount of uncompensated time Plaintiff and similarly situated persons worked per day amounted to a *minimum* of 30 minutes per day. As a result of working this uncompensated time, Plaintiff and similarly situated persons accrued work time for which they were not compensated. For weeks Plaintiff and similarly situated persons worked over forty (40) hours a week, under the FLSA and the IMWL, the unpaid time is owed at a rate that is one and a half times their regular hourly rate. For weeks Plaintiff and similarly situated persons worked less than (40) hours a week, under the IWPCA, the unpaid time is owed at the hourly rate Defendant agreed to pay Plaintiff and similarly situated persons for the work they performed for Defendant.

9. Plaintiff brings her FLSA claim as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as a representative Plaintiff under the FLSA was previously filed with the Court. Dkt. # 1-1, Ex. A. Plaintiff brings her IMWL overtime claim and IWPCA unpaid wage claim as a class action pursuant to Fed. R. Civ. P. 23.

## THE PARTIES

10. Defendant Advocate Health and Hospitals Corporation is an Illinois not-for-profit corporation. Defendant's sole corporate member is Advocate Health Care Network.

11. Defendant Advocate owns and operates Trinity Hospital, located at 2320 East 93rd Street, Chicago, IL, 60617.

12. Plaintiff Magpayo worked for Defendant as an hourly, non-exempt registered nurse in Trinity Hospital's emergency room department between approximately April 2012 and January 2016.

13. Plaintiff Magpayo resides in and is domiciled within this judicial district.

14. Plaintiff Magpayo was employed by Defendant as an "employee," as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3, Section 2 of the IWPCA, 820 ILCS 115/2, and Section 203 of the FLSA, 29 U.S.C. §203.

15. Defendant Advocate was Plaintiff's "employer" as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3, Section 2 of the IWPCA, 820 ILCS 115/2, and Section 203 of the FLSA, 29 U.S.C. §203.

## JURISDICTION AND VENUE

16. This Court has original jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 1331.

3

17. This Court has supplemental jurisdiction over the state law class claims in this action under 28 U.S.C. § 1367.

18. Venue is proper in the Northern District of Illinois pursuant to 29 U.S.C. §1391(a)(1) because Defendant is incorporated in Illinois and resides in the Northern District of Illinois, Eastern Division.

## CLASS ACTION ALLEGATIONS

19. Plaintiff and similarly situated persons are current and former employees who are or were employed by Defendant as registered nurses in Trinity Hospital's emergency room department and who were not paid for some or all of their work activities.

20. Plaintiff and other employees are similarly situated to one another because they were all promised an hourly rate of pay for hours worked for Defendant, all worked under common employment policies and were subject to the same compensation scheme, including Defendant's policy of automatically deducting a 30 minute meal break from Plaintiff's and other employees' pay, even though Plaintiff and other employees were not relieved of their work duties during such purported break time.

21. Defendant knowingly required Plaintiff and other similarly situated persons to perform uncompensated work during and after their scheduled shifts. Among other things, Defendant required Plaintiff and other similarly situated persons to carry work issued cell phones at all times while at Defendant's facility. Plaintiff and other similarly situated persons were required to respond to calls and pages immediately, even if they were attempting to take a meal break.

22. Defendant also knowingly required Plaintiff and other similarly situated persons to perform uncompensated work by failing to implement a policy providing for coverage of registered

4

nurses' assigned patients during meal periods. Due to the acuity levels of patients in the emergency room, and with no one else to monitor their patients while they ate, Plaintiff and other similarly situated persons were unable to leave their patients to take a thirty minute uninterrupted meal period.

23. Defendant also knowingly required Plaintiff and other similarly situated persons to perform uncompensated work following the end of their scheduled shift. For example, among other things, if Plaintiff was assigned a new patient just prior to the end of her shift, her supervisors required her to complete the duties necessary to admit the patient but Defendant did not pay her for that work.

24. With respect to Plaintiff's IMWL claim, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who have worked in hourly paid registered nurse positions in the emergency room department at Trinity Hospital from January 26, 2013, to the conclusion of this action, and who have not been paid overtime wages for all time worked in excess of forty (40) hours per week (herein the "IMWL Class").

25. With respect to Plaintiff's IWPCA claim, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who have worked in hourly paid registered nurse positions in the emergency room department at Trinity Hospital from January 26, 2006, to the conclusion of this action, and who have not been paid the agreed hourly rate of pay for all work they performed in the emergency room of Advocate Trinity Hospital. (herein the "IWPCA Class").

26. Based on information and belief, more than 40 hourly paid persons have worked in registered nurse positions in Trinity's emergency room department during the IMWL and IWPCA Class periods.

27. This action is being brought as a class action under Rule 23, Fed. R. Civ. P. 23, because the IMWL and IWPCA Classes are so numerous that joinder of all class members is impracticable.

28. Plaintiff and the members of the IMWL and IWPCA Classes have been equally affected by Defendant's practice of not properly compensating employees for all time worked, including overtime hours.

29. Plaintiff Magpayo and the members of the IMWL and IWPCA Classes have been equally affected by Defendant's failure to pay all earned wages to its employees.

30. The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

31. Plaintiff Magpayo, the members of the IMWL and IWPCA Classes and Defendant have a commonality of interest in the subject matter and the remedy sought.

32. If individual actions were required to be brought by each member of the classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the IMWL and IWPCA Classes, to the Court, and to Defendant. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

33. The books and records of Defendant are material to Plaintiff's case as they disclose the hours alleged to have been worked by members of the IWPCA and IMWL Classes and the amounts they were paid for that work.

34. Plaintiff Magpayo and her counsel will fairly and adequately protect the interest of both classes.

35. Plaintiff Magpayo has retained counsel experienced in complex employment litigation and in class action litigation.

## COUNT I
### Violation of the Fair Labor Standards Act
**(Plaintiff Magpayo, on behalf of herself and Similarly Situated Persons – Collective Action)**

36. Plaintiff Magpayo hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

37. Plaintiff asserts claims for unpaid overtime pursuant to the FLSA on behalf of herself and similarly situated persons.

38. Plaintiff and other similarly situated persons were not paid for all hours worked in excess of 40 hours in workweeks during the limitations period in violation of the maximum hour provisions of the FLSA. 29 U.S.C. 207(a).

39. Defendant's failure to pay Plaintiff and other similarly situated persons one and one-half times their regular rate for all time worked over 40 hours in a workweek was willful.

40. Plaintiff and other similarly situated persons are due unpaid overtime wages and liquidated damages, pursuant to 29 U.S.C. §216.

WHEREFORE, Plaintiff and other similarly situated persons pray for judgment against Defendant as follows:

   A. Judgment in the amount of all overtime wages due, as provided by the Fair Labor Standards Act;

   B. Liquidated damages in an amount equal to the amount of all overtime wages due, as provided by the Fair Labor Standards Act, or in the absence of liquidated damages, prejudgment interest on the amount of overtime wages due;

   C. Reasonable attorneys' fees and costs incurred in bringing this action; and

   D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### (Class Action)

41. Plaintiff Magpayo hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

42. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action on her own behalf and on behalf of the IMWL Class pursuant to 735 ILCS 5/2-801.

43. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff and the IMWL Class worked in excess of 40 hours, Plaintiff and the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

44. Defendant did not pay Plaintiff and the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

45. Defendant violated the Illinois Minimum Wage Law by failing to compensate Plaintiff and the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

46. Pursuant to 820 ILCS 105/12(a), Plaintiff and the IMWL Class are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff and the IMWL Class pray for judgment against Defendant as follows:

    A. Judgment in the amount of one and one-half times the regular rate for all unpaid hours Plaintiff and the IMWL Class worked in excess of forty (40) hours per week;

    B. Damages in the amount of 2% of the amount of the underpayments per month

        pursuant to the formula set forth in 820 ILCS 105/12(a);

C.     Prejudgment interest on the wages owed to the Named Plaintiff and Class Members;

D.     Reasonable attorneys' fees and costs incurred in bringing this action; and

E.     Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (Class Action)

47.     Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

48.     This count arises under the IWPCA, 820 ILCS 115/1, *et seq.*, for Defendant's failure and refusal to pay Plaintiff and the IWPCA Class she represents for all their wages earned at the rates Defendant agreed to pay them for the work they performed for Defendant.

49.     Defendant agreed to pay Plaintiff an hourly rate of pay for all work she performed for Defendant, and Plaintiff accepted Defendant's offer.

50.     Defendant agreed to pay other similarly situated nurses an hourly rate of pay for all work they performed for Defendant, and those similarly situated nurses likewise accepted the Defendant's offer.

51.     During the course of her employment with Defendant, Defendant did not compensate Plaintiff for all time she worked at the rate Defendant agreed to pay her for the work she performed for Defendant.

52.     Defendant also failed to pay other similarly situated employees for all time they worked at the rates Defendant agreed to pay them for the work they performed for Defendant.

53.     Plaintiff and similarly situated employees were denied compensation for all time they worked in certain work weeks in violation of the IWPCA.

54. Plaintiff and members of the IWPCA Class were entitled to be compensated for all time they worked at the rate agreed to by the parties, pursuant to the agreements they formed with Defendant at the time of their hiring.

55. Defendant's failure to pay Plaintiff and the IWPCA Class members for all earned wages at the rates agreed to by the parties violated the IWPCA.

56. Plaintiff represents certain current and former employees of Defendant who have not been paid for all their earned wages since January 26, 2006, through and including the present.

WHEREFORE, Plaintiff and the IWPCA Class pray for judgment against Defendant as follows:

A. Judgment in the amount of all straight time hourly back wages due for the unpaid hours Plaintiff and similarly situated persons worked under forty hours per week;

B. An injunction precluding Defendant from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

C. Damages in the amount of 2% of the amount of underpayments per month pursuant to the formula set forth in 820 ILCS 115/14(a);

D. Prejudgment interest on the wages owed to the Named Plaintiff and Class Members;

E. Reasonable attorneys' fees and costs incurred in bringing this action; and

F. Such other and further relief as this Court deems appropriate and just.

Dated: April 10, 2018

Respectfully submitted,

s/Maureen A. Salas
One of Plaintiff's Attorneys

Douglas M. Werman - dwerman@flsalaw.com
Maureen A. Salas - msalas@flsalaw.com
Sarah J. Arendt - sarendt@flsalaw.com
Zachary C. Flowerree - zflowerree@flsalaw.com
Werman Salas P.C.
77 W. Washington, Suite 1402
Chicago, IL 60602
(312) 419-1008